UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANK ROY,<br><br>        Plaintiff,<br><br>    v.<br><br>U-HAUL,<br><br>        Defendant. | Civil No. 14-2846 (NLH/JS)<br><br>**MEMORANDUM OPINION AND ORDER** |

**APPEARANCES**:

Frank Roy
998 W. Landis Ave, Unit 121
Vineland, New Jersey 08360
    *Pro Se Plaintiff*


**HILLMAN, District Judge**

    This matter having come before the Court by way of Plaintiff's application [Doc. No. 1-1] to proceed in forma pauperis ("IFP application") in this action and by way of Plaintiff's complaint [Doc. No. 1] both of which were submitted to the Court on May 5, 2014; and

    The Court recognizing that when a non-prisoner seeks permission to file a civil complaint in forma pauperis under 28 U.S.C. § 1915, the Prison Litigation Reform Act ("PLRA") requires the person[1] to submit an affidavit that includes a

---

[1]    Although Section 1915 refers to "prisoners," federal courts

statement of all assets and that the person is unable to pay such fees or give security therefor, see 28 U.S.C. § 1915(a); and

    The Court recognizing that the decision to grant or deny an IFP application is based solely on the economic eligibility of the petitioner, see Sinwell v. Shapp, 536 F.2d 15, 19 (3d Cir. 1976); and

    The Court having reviewed Plaintiff's IFP application and affidavit of poverty submitted on May 5, 2014, and Plaintiff having signed the affidavit in support of his IFP application declaring under penalty of perjury that he is unable to pay the costs of these proceedings, accordingly, based on the

---

apply Section 1915 to non-prisoner IFP applications as well. See, e.g., Hickson v. Mauro, 2011 WL 6001088, *1 (D.N.J. 2011) (citing Lister v. Dept. of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005) ("Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners.") (citing Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1306 n. 1 (11th Cir. 2004); Haynes v. Scott, 116 F.3d 137, 140 (5th Cir. 1997); Floyd v. United States Postal Serv., 105 F.3d 274, 275 (6th Cir. 1997)); El Ameen Bey v. Stumpf, No. 11-5684, 2011 WL 4962326, at * 11 n.7 (D.N.J. Oct. 17, 2011) (Kugler, J.) ("Although Section 1915(a) refers to a 'statement of all assets such prisoner possesses,' this section has been applied by courts in their review of applications of non-prisoners as well.") (citing Douris v. Middletown Twp., 293 F. App'x 130 (3d Cir. 2008) ("The reference to prisoners in § 1915(a)(1) appears to be a mistake. In forma pauperis status is afforded to all indigent persons, not just prisoners.")).

information contained therein, the Court hereby grants Plaintiff's application to proceed in forma pauperis in this case and directs the Clerk to file the complaint in this action; and

The Court also noting that under the PLRA the Court, prior to docketing or as soon as practicable after docketing, must also review the complaint in a civil action in which a plaintiff is proceeding in forma pauperis.  See 28 U.S.C. § 1915(e)(2)(B). The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Id.; and

The Court further noting that a "document filed pro se is to be liberally construed, ... and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted); see also Haines v. Kerner, 404 U.S. 519, 520 (1972); and

In considering whether Plaintiff's complaint fails to state a claim, the Court must accept all well-pleaded allegations in

3

the complaint as true and view them in the light most favorable to the plaintiff.  Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005); see also Phillips v. County of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008) ("[I]n deciding a motion under Fed.R.Civ.P. 12(b)(6), [a district court is] ... required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to" the plaintiff); and

    The Court asking "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims[.]'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions[.]'") (citation omitted); and

    The Court noting that under the Twombly/Iqbal standard, a district court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions."  Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing Iqbal, 129 S. Ct. at 1949); and

    The Court further noting that a district court "must then determine whether the facts alleged in the complaint are

4

sufficient to show that the plaintiff has a 'plausible claim for relief.'"  Fowler, 578 F.3d at 211 (citing Iqbal, 129 S. Ct. at 1950).  "[A] complaint must do more than allege the plaintiff's entitlement to relief."  Fowler, 578 F.3d at 211; and

Plaintiff bringing this action under 42. U.S.C. § 1983 and alleging that Defendant U-Haul "discriminated by way of bigot statement and failure to compensate for not returning items[,]" (Pl.'s Compl. [Doc. No. 1] 1); and

The Court noting Section 1983 provides in pertinent part that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]"  42 U.S.C. § 1983; and

The Court also noting that in order "[t]o state a claim under 42 U.S.C. § 1983, a plaintiff must allege a person acting under color of state law engaged in conduct that violated a right protected by the Constitution or laws of the United States."  Morrow v. Balaski, 719 F.3d 160, 165-66 (3d Cir. 2013)

5

(citing Nicini v. Morra, 212 F.3d 798, 806 (3d Cir. 2000)).  The Court's "'first step in evaluating a section 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to [then] determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'"  Morrow, 719 F.3d at 166 (quoting Nicini, 212 F.3d at 806.); and

   Plaintiff alleging in the complaint that he and an individual identified as "Mr. Birdsong"[2] "rented a U-Haul truck in Chester[,] Pennsylvania" sometime in the fall of 2001 and traveled to New York with Mr. Birdsong to complete volunteer relief work, apparently in connection with the events of September 11, 2001, (Pl.'s Compl. [Doc. No. 1] 1); and

   Plaintiff further alleging that after the "relief work was completed" in New York, he "retained [his] belongings with the intent to move into [his] mother's residence" at which time he "parked the U-Haul behind [his] mother's home with all [his] belongings in the truck and fell asleep, waiting for [his mother] to come home from church[,]" (Id. at 1); and

   Plaintiff asserting that the "Camden Police [were] called

---

[2]   In the complaint, Plaintiff asserts that "Mr. Birdsong" is the brother of "the famous group Diana Ross and the Supreme[s]'".  (Pl.'s Compl. [Doc. No. 1] 1.)

6

to the scene and took [Plaintiff] to Police Headquarters[,]" where, after he explained the circumstances, he was released, (Id.); and

    Plaintiff also alleging that at some unspecified point in time during this incident, the "Cinnaminson New Jersey U-Haul facility confiscated the U-Haul truck with all his belongings[,]" (Id.); and

    Plaintiff representing that upon explaining the circumstances to the manager at the Cinnaminson U-Haul facility in an attempt to retrieve his belongings, Plaintiff was told by the unnamed manager, "'black people should stay in their own places and I will not give you sh\*\*'.", (Id.); and

    Plaintiff contending that among the belongings in the U-Haul that was confiscated was a $55,000 "Rolex Presidential watch, with whole cut diamonds around the bezel" and a "leather signature jacket from the law friend actor/comedian Richard Pryor[,]" along with numerous other items of value, (Id.); and

    Plaintiff representing that his "first cousin is an E-man Muslim and [Plaintiff] respect[s] him in his decision of his own faith[,]" (Id. ¶ 5); and

    Plaintiff requesting judgment against U-Haul in the amount of $175,000 together with attorney's fees, and costs of suit,

and such other further relief as the Court may deem equitable and just; and

The Court finding that, even construed liberally, Plaintiff's complaint does not allege facts sufficient to demonstrate that Plaintiff can maintain a plausible claim for relief under 42 U.S.C. § 1983.  Plaintiff fails to adequately allege that that Defendant U-Haul was acting under color of state law or how Defendant's alleged conduct violated Plaintiff's constitutionally protected rights.  Rather, Plaintiff's pleading simply alleges - in a conclusory fashion - that Plaintiff is entitled to relief based on Defendant's purported conduct;[3] and

The Court noting that the Twombly/Iqbal standard requires Plaintiff to do more than simply allege his entitlement to relief in this conclusory manner and thus dismissal of

---

[3] The Court notes that the conduct of which Plaintiff complains is that of the unidentified manager at the Cinnaminson U-Haul facility, who is presumably employed by Defendant U-Haul, and thus it appears that Plaintiff is seeking to hold U-Haul liable under Section 1983 on the basis of respondeat superior which is not permissible.  See Walsifer v. Borough of Belmar, 262 F. App'x 421, 425 (3d Cir. 2008) ("[I]t is well established that [an individual] must have had 'personal involvement in the alleged wrongdoing' in order to be liable under § 1983 because individual liability 'cannot be predicated solely on the operation of respondeat superior.'") (citing Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005)).

8

Plaintiff's complaint without prejudice is warranted at this time under § 1915(e)(2)(B).

    Accordingly,

    IT IS on this __16th__ day of __June__, 2014, hereby

    **ORDERED** that Plaintiff's IFP Application [Doc. No. 1-1] shall be, and hereby is, **GRANTED**; and it is further

    **ORDERED** that the Clerk is directed to file Plaintiff's complaint [Doc. No. 1] in this action; and it is further

    **ORDERED** that Plaintiff's complaint shall be, and hereby is, **DISMISSED WITHOUT PREJUDICE**; and it is further

    **ORDERED** that the Clerk is directed to mark his matter as **CLOSED**; and it is further

    **ORDERED** that Plaintiff is granted leave to file an amended complaint in this action within **thirty (30)** days of the date of this Memorandum Opinion and Order which sets forth sufficient facts demonstrating that Plaintiff has a plausible claim for relief.

At Camden, New Jersey                    s/ Noel L. Hillman
                                             NOEL L. HILLMAN, U.S.D.J.