UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY

_____

FRANK ROY,

                    Plaintiff,           Civil No. 14-2846 (NLH/JS)

v.                                       **MEMORANDUM OPINION
                                         AND ORDER**
U-HAUL,

                    Defendant.

_____

**APPEARANCES:**

Frank Roy
998 W. Landis Ave, Unit 121
Vineland, New Jersey 08360

     *Pro Se Plaintiff*

**HILLMAN, District Judge**

     This matter having come before the Court by way of Plaintiff's application to proceed in forma pauperis and by way of Plaintiff's complaint submitted on May 5, 2014 alleging a violation of 42 U.S.C. § 1983; and

     The Court, pursuant to 28 U.S.C. § 1915, having previously reviewed the complaint to determine whether any claim is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief; and

The Court having found that Plaintiff's complaint, even construed liberally, did not allege facts sufficient to demonstrate that Plaintiff can maintain a plausible claim for relief under 42 U.S.C. § 1983; and

The Court specifically having found that Plaintiff failed to adequately allege facts to demonstrate that Defendant U-Haul was acting under color of state law, or how Defendant's alleged conduct violated Plaintiff's constitutionally protected rights (Mem. Op. and Order 8, June 16, 2014 [Doc. No. 3]); and

The Court having dismissed Plaintiff's complaint without prejudice and having granted Plaintiff leave to file an amended complaint which set forth sufficient facts demonstrating that Plaintiff has a plausible claim for relief (Id. at 9); and

Plaintiff having filed an amended complaint [Doc. No. 4] on July 8, 2014; and

The Court noting that in the amended complaint, Plaintiff removes any reference to 42 U.S.C. § 1983, and instead asserts diversity of citizenship as a basis for jurisdiction pursuant to 28 U.S.C. § 1332; and

The Court noting that federal courts have an independent obligation to address issues of subject matter jurisdiction sua sponte and may do so at any stage of the litigation, see Adamczewski v. Emerson Elec. Co., No. 10-4862, 2011 WL 1045162, at *1 (D.N.J. Mar. 22, 2011) (citing Meritcare Inc. v. St. Paul

2

Mercury Ins. Co., 166 F.3d 214, 217 (3d Cir. 1999), overruled on other grounds by Exxon Mobil Corp. v. Allapattah Svcs., Inc., 545 U.S. 546, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005)); see also Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010) ("Federal courts are courts of limited jurisdiction, and when there is a question as to our authority to hear a dispute, 'it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition on the merits.'") (citing Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n, 554 F.2d 1254, 1256 (3d Cir. 1977)); and

The Court also noting that 28 U.S.C. § 1332(a) provides that the Court has original jurisdiction over all civil actions where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different States; and

The Court further noting that in the amended complaint, Plaintiff avers that Defendant is a citizen of the State of Arizona, with "a" principal place of business in Arizona and "to the best of Plaintiff's knowledge, information and belief" is incorporated under the laws of Arizona; and

The Court finding that Plaintiff fails to properly aver the citizenship of Defendant because Plaintiff avers that Defendant has "a" principal place of business in Arizona rather than averring that Defendant has "its" principal place of business in

3

Arizona, see Swiger v. Allegheny Energy, Inc., 540 F.3d 179, 182 (3d Cir. 2008); see also McNair v. Synapse Group Inc., 672 F.3d 213, 219 n.4 (3d Cir. 2012); and

The Court further finding that Plaintiff fails to properly aver the citizenship of Defendant because jurisdictional allegations made upon "information and belief" are insufficient to convince the Court that diversity exists between the parties, see Vail v. Doe, 39 F. Supp. 2d 477, 477-78 (D.N.J. 1999); and

The Court finding that the jurisdictional averments set forth in the amended complaint are insufficient to plead the citizenship of Defendant for the reasons outlined supra, rendering the Court unable to determine at this time whether complete diversity exists between the parties such that the Court may properly exercise jurisdiction over this matter; and

The Court further finding that the amended complaint fails to comply with Federal Rule of Civil Procedure 8(a); and

The Court noting in this regard that the original complaint alleged that Defendant "discriminated by way of bigot statement and failure to compensate for not returning items," but Plaintiff removed this allegation from the amended complaint. The amended complaint does not contain any cause of action or identify how Plaintiff's legal rights were violated by Defendant; and

4

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a); and

"[A] complaint must do more than allege the plaintiff's entitlement to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009); see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) ("The Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element.  This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element.") (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); and

The Court noting that pro se complaints are to be construed liberally, Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007), but the Court will not be tasked with

5

trying to ascertain what possible claims or theories of relief could arise from the facts set forth in the amended complaint, nor will the Court impose upon Defendant the burden of gleaning a cause of action from the pleading, see Pushkin v. Nussbaum, Civ. No. 2:12-0324, 2014 WL 4543069, at *6 (D.N.J. Sept. 11, 2014) ("the Court 'cannot expect Defendants to defend against claims that are not clearly and specifically alleged.'") (internal quotation omitted); Kassin v. U.S. Postal Serv., Civ. A. No. 111482, 2011 WL 6002836, at *2 (D.N.J. Nov. 30, 2011) (complaint "recites factual allegations, but fails to identify any legal cause of action" and court would not "manufacture a fitting legal cause of action."); and

The Court therefore finding that Plaintiff failed to meet the pleading requirements of Rule 8; and

The Court additionally noting that the need to meet the pleading requirements of Rule 8 is particularly important because the Court in conducting its review under 28 U.S.C. § 1915 may dismiss a time-barred complaint sua sponte, see, e.g., Paluch v. Sec. Pennsylvania Dept. of Corrections, 442 F. App'x 690, 694 n.2 (3d Cir. 2011) ("Although the statute of limitations . . . is an affirmative defense, which may be waived by the defendant, it is appropriate to dismiss sua sponte under § 1915(e)(2) a complaint whose untimeliness is apparent from the face of the record."), and it appearing that any claim Plaintiff

6

may be asserting in this case may be beyond the applicable statute of limitations;[1] and

The Court further finding in light of Plaintiff's pro se status that Plaintiff should be provided one more opportunity to state his claim.  Plaintiff must comply with Federal Rule of Civil Procedure 8(a) and set forth a "short and plain statement of the claim."  Additionally, Plaintiff must provide sufficient factual allegations in support of the claim or claims, including dates of the incidents described in the complaint, to satisfy the pleading requirements under Twombly and Iqbal.  Failure to comply with the directives herein may result in the dismissal of Plaintiff's claims with prejudice.

THEREFORE, it is on this   21st   day of   November  , 2014,

**ORDERED** that the amended complaint filed on July 8, 2014 shall be, and is hereby, **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that plaintiff is granted leave to file a second amended complaint in this action **within thirty (30) days** of the

---

[1]     Plaintiff appears to allege claims arising out of events that occurred in 2001 but did not initiate this civil action until 2014.

7

date of this Memorandum Opinion and Order which sets forth Plaintiff's claims for relief and facts in support thereof.

s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey