UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

FRANK ROY,

                Plaintiff,                Civil No. 14-2846 (NLH/JS)

v.                                    **OPINION**

U-HAUL,

                Defendant.

_____

**APPEARANCES:**

Frank Roy
998 W. Landis Ave, Unit 121
Vineland, New Jersey 08360

    *Pro Se Plaintiff*

**HILLMAN, District Judge**

This matter comes before the Court sua sponte pursuant to 28 U.S.C. § 1915, as Plaintiff pro se, Frank Roy, is proceeding in forma pauperis and, therefore, the complaint must be screened to determine whether any claim is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). The Court previously screened Plaintiff's initial complaint and amended complaint and found that such pleadings were defective, for the reasons set forth in the Memorandum Opinions and Orders dated June 16, 2014 and November

1

21, 2014.  The Court granted Plaintiff an additional opportunity
to amend the complaint, which Plaintiff filed on December 19,
2014.

The Court has reviewed Plaintiff's Second Amended Complaint
(hereafter, "SAC").  For the reasons that follow, the Court
finds that the SAC fails to state a claim upon which relief may
be granted.


I.    **JURISDICTION**

The claim in the SAC is based on the "Civil Rights Act of
1964."  (SAC 2.)  Because such claim purportedly arises under
federal law, the Court has original jurisdiction over this
matter pursuant to 28 U.S.C. § 1331.


II.   **BACKGROUND**

This matter previously came before the Court by way of
Plaintiff's application to proceed in forma pauperis and by way
of Plaintiff's complaint submitted on May 5, 2014 alleging a
violation of 42 U.S.C. § 1983.  By Memorandum Opinion and Order,
the Court concluded that the complaint failed to set forth
sufficient facts to maintain a plausible claim for relief under
Section 1983 and dismissed Plaintiff's complaint without
prejudice.  Specifically, the Court found that Plaintiff failed
to adequately allege that Defendant was acting under color of

2

state law or how Defendant's alleged conduct violated Plaintiff's constitutionally protected rights.  Plaintiff was provided an opportunity to file an amended complaint.

In accordance with the Court's directive, Plaintiff filed an amended complaint on July 8, 2014.  In the amended complaint, Plaintiff removed the reference to 42 U.S.C. § 1983, and instead asserted diversity of citizenship as a basis for jurisdiction pursuant to 28 U.S.C. § 1332.  The Court reviewed the amended complaint but found that Plaintiff failed to properly aver the citizenship of Defendant.[1]  Moreover, the amended complaint did not contain a cause of action or identify how Plaintiff's legal rights were violated by Defendant in accordance with the pleading requirements of Federal Rule of Civil Procedure 8(a). The Court noted that the need to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief" as required by Rule 8(a) was particularly important because it appeared that any claim Plaintiff may be asserting in this case may be beyond the applicable statute of limitations.

---

[1] Specifically, Plaintiff averred that Defendant has "a" principal place of business in Arizona rather than averring that Defendant has "its" principal place of business in Arizona, see Swiger v. Allegheny Energy, Inc., 540 F.3d 179, 182 (3d Cir. 2008); see also McNair v. Synapse Group Inc., 672 F.3d 213, 219 n.4 (3d Cir. 2012), and Plaintiff's jurisdictional allegations made upon "information and belief" were insufficient to convince the Court that diversity exists between the parties, see Vail v. Doe, 39 F. Supp. 2d 477, 477-78 (D.N.J. 1999).  (Mem. Op. and Order [Doc. No. 6] 3-4, Nov. 21, 2014.)

In this regard, Plaintiff appeared to allege claims arising out of events that occurred in 2001, but he did not initiate this civil action until 2014.  The Court provided Plaintiff one more opportunity to attempt to set forth his claim.

On December 19, 2014, Plaintiff filed the SAC presently under review.  In the most recent version of his complaint, Plaintiff avers that he was a business customer of Defendant U-Haul and he rented a 14-foot truck from Defendant on or about September 11, 2001.  (SAC ¶ 3.)  During the week of September 11, 2001, Plaintiff purportedly took the rented truck to his mother's residence in Camden, New Jersey, and fell asleep in back of the truck until his mother returned from church.  (Id. ¶ 4.)  Someone allegedly called the police because there was a suspicious truck in the neighborhood.  (Id.)  Plaintiff went to the police station, but no charges were issued.  (Id. ¶¶ 5, 6.)  Upon returning to his mother's residence, Plaintiff discovered that the rented truck, which contained Plaintiff's belongings, had been "confiscated."  (Id. ¶ 6.)  Plaintiff called U-Haul's Cinnaminson, New Jersey location and was advised by the manager that the Camden police department had contacted the manager and told him to pick up the rented truck.  (Id. ¶ 7.)  When Plaintiff asked if he could pick up his personal belongings, the U-Haul manager purportedly denied such request, stating as follows: "I'm not giving you sh** and black people needed to

4

stay in their place." (Id. ¶ 9.) Plaintiff thus contends that he has been deprived of his civil rights under the "Civil Rights Act of 1964."

III. **STANDARD**

In considering whether a plaintiff's complaint fails to state a claim, the Court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005); see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008) ("[I]n deciding a motion under Fed. R. Civ. P. 12(b)(6), [a district court is] . . . required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to" the plaintiff). A pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A district court must ask "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims[.]'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 n.8, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974)); see also Ashcroft v. Iqbal, 556 U.S.

662, 684, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions[.]'") (citation omitted). First, under the Twombly/Iqbal standard, a district court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing Iqbal, 556 U.S. at 678, 129 S. Ct. 1937). Second, a district court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Fowler, 578 F.3d at 211 (citing Iqbal, 556 U.S. at 679, 129 S. Ct. 1937). "[A] complaint must do more than allege the plaintiff's entitlement to relief." Fowler, 578 F.3d at 211; see also Phillips, 515 F.3d at 234 ("The Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element.") (citing Twombly, 550 U.S. at 556, 127 S. Ct. 1955).

In evaluating whether a complaint fails to state a claim under Section 1915(e)(2), the Court may dismiss a complaint sua

sponte on statute of limitations grounds.  <u>Paluch v. Sec. Pa.</u>
<u>Dept. of Corrections</u>, 442 F. App'x 690, 694 n.2 (3d Cir. 2011).

**IV.   <u>DISCUSSION</u>**

In evaluating Plaintiff's claim, the Court must determine
which specific statute such claim falls under as Plaintiff only
indicates that he suffered race discrimination under the "Civil
Rights Act of 1964."  The Civil Rights Act of 1964 contains a
number of titles, none of which appear applicable to the claims
in this case.[2]  Title II, which is the only Title that could even

---

[2] Titles I and VIII concern voting and have no bearing on
Plaintiff's claim that U-Haul denied him access to his personal
property based on his race.  <u>See</u> 52 U.S.C. § 10101, 42 U.S.C. §
2000f.  Title III prohibits discrimination affecting access to
public facilities owned, operated, or managed by or on behalf of
a state or local government.  42 U.S.C. § 2000b <u>et</u> <u>seq.</u>.
Plaintiff does not allege that U-Haul is a government or state
actor and, accordingly, Title III has no applicability to the
claims in this case.  Title IV concerns desegregation of public
school and similarly has no applicability in this case.  42
U.S.C. § 2000c <u>et</u> <u>seq.</u>.  Title V pertains to the Commission on
Civil Rights' procedures.  42 U.S.C. § 1975 <u>et</u> <u>seq.</u>.  Title VI
concerns federal benefits, yet Plaintiff's claims are not
related to a federal assistance program.  42 U.S.C. § 2000d <u>et</u>
<u>seq.</u>.  Title VII pertains to employment discrimination and is
inapplicable here, where Plaintiff does not allege that he was
an employee of U-Haul.  42 U.S.C. § 2000e <u>et</u> <u>seq.</u>.  Title IX
both set forth a procedure for appeal of orders remanding civil
rights cases to state courts, and allows the Attorney General of
the United States to intervene in federal actions.  28 U.S.C. §
1447(d); 42 U.S.C. § 2000h-2; Title X establishes a Community
Relations Service for dispute resolution for those suffering
from discriminatory practices.  42 U.S.C. § 2000g <u>et</u> <u>seq.</u>.
Finally, Title XI concerns contempt proceedings and penalties
and is inapplicable to Plaintiff's claims here.  42 U.S.C. §
2000h <u>et</u> <u>seq.</u>.

approach the subject matter of Plaintiff's complaint, outlaws discrimination in places of public accommodation on the basis of race, color, religion or national original.  42 U.S.C. § 2000a.  However, "[w]hen a plaintiff brings an action under [Title II], he cannot recover damages."  <u>Newman v. Piggie Park Enterprises, Inc.</u>, 390 U.S. 400, 401-02, 88 S. Ct. 964, 19 L. Ed. 2d 1263 (1968).  The sole remedy available to a plaintiff under Title II is injunctive relief.  <u>Id.</u>  Plaintiff is not seeking injunctive relief in this case.  Therefore, to the extent his claim is brought under Title II, his complaint for monetary damages is dismissed.[3]

The Court has also attempted to discern other potential federal causes of action that may serve as a basis for Plaintiff's claim, but it appears that any such claims lack merit.  42 U.S.C. § 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens."  However, this provision applies to contractual obligations and is not a

---

[3] Because Plaintiff does not seek appropriate relief under Title II, the Court does not address whether U-Haul falls within the statutory definition of "public accommodation."

8

general cause of action for race discrimination.  See Domino's
Pizza, Inc. v. McDonald, 546 U.S. 470, 476, 126 S. Ct. 1246, 163
L. Ed. 2d 1069 (2006).

Moreover, even assuming the statute is applicable, any
claim asserted would be time-barred given that there is nearly a
thirteen-year gap between the alleged discriminatory conduct in
2001 and the filing of the complaint in 2014.  Section 1981 has
either a two-year or four-year statute of limitations.  See
Carter v. Ford Motor Credit, Civ. A. No. 09-4030, 2009 WL
2843883, at *4 (D.N.J. Sept. 1, 2009).[4]  Plaintiff's complaint
would be time-barred under either statute of limitations.

Racial discrimination claims may also be brought pursuant
to 28 U.S.C. § 1983.  To assert a cause of action under Section
1983, however, a plaintiff must allege that he was deprived of a
federal constitutional or statutory right by a state actor.
Krynicky v. Univ. of Pittsburgh, 742 F.2d 94, 97 (3d Cir. 1984),
cert. denied, 471 U.S. 1015, 105 S. Ct. 2018, 85 L. Ed. 2d 300

---

[4] Although 42 U.S.C. § 1981 does not contain a statute of
limitations, in 1990 Congress enacted 28 U.S.C. § 1658, which
provided a four-year statute of limitations for any civil action
arising under an act of Congress "enacted after the date of the
enactment of this section."  28 U.S.C. § 1658.  The Supreme
Court held that if a Section 1981 claim is made possible because
of a post-1990 enactment, then that claim is subject to the
four-year statute of limitations of 28 U.S.C. § 1658.  Jones v.
R.R. Donnelley & Sons Co., 541 U.S. 369, 371, 124 S. Ct. 1836,
158 L. Ed. 2d 645 (2004).  If the claim was not made possible by
a post-1990 amendment, then it is subject to a two-year statute
of limitations.  Carter, 2009 WL 2843883, at *4.

(1985).  There are no allegations in the SAC that U-Haul was acting under color of state law.  Furthermore, Section 1983 claims have a two-year statute of limitations.  Dique v. New Jersey State Police, 603 F.3d 181, 185 (3d Cir. 2010). Plaintiff's claim arising from an occurrence in 2001 would be time-barred in this case in any event.

42 U.S.C. § 1982 concerns the right of "all citizens of the United States . . . to inherit, purchase, lease, sell, hold, and convey real and personal property."  This statute also is subject to a two-year statute of limitations.  See Goodman v. Lukens Steel Co., 482 U.S. 656, 660, 107 S. Ct. 2617, 96 L. Ed. 2d 572 (1987) (because Section 1982 does not contain statute of limitation, court should look to analogous state statute of limitations); Grossberger v. Ruane, Civ. No. 11-3728, 2011 WL 6257178, at *2 (D.N.J. Dec. 14, 2011)(New Jersey's two-year statute of limitations applies to Section 1982 claim); N.J. Stat. Ann. § 2A:14-2 (two-year statute of limitations period for personal injury torts).  As such, any claim by Plaintiff under Section 1982 for conduct occurring in 2001 would be time-barred.

V.   **CONCLUSION**

For the reasons stated above, Plaintiff's Second Amended Complaint fails to state a claim upon which his requested relief can by granted.  Plaintiff has been provided three opportunities

10

to state a claim.  The Court is aware of no legal basis that would support his claim for monetary relief and would not be time-barred given that the facts of this case occurred thirteen years prior to the filing of the initial complaint in this action.  Consequently, the Court finds that any further attempts to amend the complaint would be futile.  Plaintiff's complaint will therefore be dismissed with prejudice.

An Order accompanying this Opinion will be entered.


                                        s/ Noel L. Hillman
                                   NOEL L. HILLMAN, U.S.D.J.
Date: January 28, 2015

At Camden, New Jersey

11